NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-26

COMMONWEALTH

vs.

NATHANIEL J. TATRO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted after a jury trial in the District Court for violating a harassment prevention order. See G. L. c. 258E, § 9. On appeal from the conviction and from the denial of his motion for a new trial, he claims error in the jury instructions and in the Commonwealth's closing argument, as well as ineffective assistance of trial counsel. We affirm.

Discussion. 1. Jury instructions. The defendant argues that he is entitled to a new trial because the trial judge's instruction on accidental contact, taken from the District Court model jury instructions, referred to the incident as a "contact or encounter." The defendant contends that the use of the word "contact" permitted the jury to convict him based on his sister's yelling at the victim. Because the defendant did not object to the instruction at trial, we review to determine

whether any error in the instruction resulted in a substantial risk of a miscarriage of justice. See Commonwealth v. Federico, 70 Mass. App. Ct. 711, 719 (2007).

We assess the adequacy of the instructions "in light of their over-all impact on the jury." Commonwealth v. Niemic, 427 Mass. 718, 720 (1998), quoting Commonwealth v. Galford, 413 Mass. 364, 371-372 (1992), cert. denied, 506 U.S. 1065 (1993). "We evaluate the instruction as a whole, looking for the interpretation a reasonable juror would place on the judge's words. We [do] not . . . scrutiniz[e] bits and pieces removed from their context" (quotations and citations omitted). Niemic, supra. "[A] verdict cannot stand unless it appears that the jury reached their verdict on a theory for which there was factual support." Commonwealth v. Plunkett, 422 Mass. 634, 635 (1996).

During the charge conference, the judge explained to counsel that he would not instruct on third-party contact because the evidence did not support the theory that the defendant violated the order by contacting the victim through his sister. The judge commented, however, that the evidence that the defendant stood by while his sister was yelling at the victim was relevant to whether his presence was accidental. In closing argument the prosecutor emphasized that the defendant was required to stay one hundred yards away, comparing that

2

distance to the size of a football field.  When the prosecutor did refer to the sister's conduct, as the judge had specifically permitted, these references were all tied to the defendant's proximity to the victim.[1]

The judge instructed that for the jury to find the defendant guilty, the Commonwealth had to prove four things beyond a reasonable doubt:  (1) that a court had issued an order pursuant to c. 258E "which ordered the Defendant to stay a particular distance away" from the victim; (2) that the order was in effect on the date of the alleged violation; (3) "that the Defendant violated the order by failing to stay a particular distance away from" the victim; and (4) that the defendant knew that "the pertinent terms" of the order were in effect.

Immediately after instructing the jury that they had to find that the defendant violated the order by failing to stay a particular distance away from the victim, the judge gave the supplemental model jury instruction on accidental contact.  See Instruction 6.740 of the Criminal Model Jury Instructions for

---

[1] The prosecutor stated that "the Defendant, along with his sister and another individual, intentionally reapproached" the victim; that "he was merely feet away from her with two other people in an argument, pointing in her direction"; and that he was "[m]erely feet away, and he continued to make eye contact with [the victim] while an argument ensued between his sister and [the victim]."  This argument was proper, and the lack of objection from defense counsel thus cannot support a claim of ineffective assistance.

3

Use in the District Court (2019).  The model instruction gives trial judges the choice of referring to an accidental violation of an order as either an alleged "contact" or "encounter."  Each term is in parentheses, implying that judges are expected to choose the relevant term or terms.  Rather than choosing between the two terms, however, the trial judge used both, repeatedly referring to the incident as a "contact or encounter."  We discern no error, let alone any error creating a substantial risk of a miscarriage of justice.

A reasonable juror -- having just been instructed that the Commonwealth was required to prove that the defendant failed "to stay a particular distance away" from the victim -- could not have understood the instruction on accidental contact to suggest the possibility of convicting the defendant based on the sister's conduct.  The instruction emphasized that if the defendant came across the victim by accident, it was his responsibility to take reasonable steps to end this "contact or encounter" by removing himself from the victim's proximity.  Although the word "contact," standing alone, could be construed to apply to either the defendant's or his sister's conduct,[2] in

_____

[2] The relevant section of the operative c. 258E order, introduced in evidence, stated, "YOU ARE ORDERED NOT TO CONTACT THE [victim] either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least 100 yards away from the [victim] even if the [victim] seems to allow or request contact."

context it could not sensibly be applied to the sister's conduct.  No reasonable juror could conclude that the sister "accidentally" yelled at the victim, and that this, rather than his own proximity to the victim, was the "accidental" contact that the defendant was required to take reasonable steps to end.

The defendant also claims that trial counsel was ineffective for failing to object or request a curative instruction.  "[W]hen a defendant alleges that his failure to preserve an issue for appeal stems from ineffective assistance of counsel, as this defendant has, we do not evaluate the ineffectiveness claim separately."  Commonwealth v. Randolph, 438 Mass. 290, 296 (2002).  Instead, "ineffectiveness is presumed if the attorney's omission created a substantial risk, and disregarded if it did not."  Id.  As the instruction did not create a substantial risk of a miscarriage of justice, the defendant has failed to prove ineffective assistance.

2.  Closing argument.  The defendant argues that the prosecutor's closing argument erroneously extended beyond the evidence and fair inferences therefrom, see Commonwealth v. Kelly, 417 Mass. 266, 270 (1994), both when the prosecutor stated that the defendant pointed in the victim's direction and when she stated that the defendant "reapproached" the victim. The defendant further argues that the errors created a

5

substantial risk of a miscarriage of justice and that counsel was ineffective for failing to object.

While the evidence would have supported the statement that the defendant "approached" the victim when they met at the front of the store, it does not appear to support the prosecutor's statement that the defendant "reapproached" her. The victim did not testify that the defendant approached her when she first entered the store. The evidence does, however, appear to support the statement that the defendant pointed his finger at the victim. In some of the photographs introduced in evidence the defendant is shown looking and pointing at a woman. The victim identified the defendant in the photographs, although she did not specifically testify that she was the woman he was pointing at. However, the attorneys, the judge, and the jury could compare the photographs to the defendant and the victim, who were present in the courtroom, and draw their own conclusions.

Defense counsel's lack of objections to the prosecutor's erroneous use of the word "reapproached" or to her characterization of the photographs suggests that the prosecutor's statements were not unfairly prejudicial. See Commonwealth v. Lyons, 426 Mass. 466, 471 (1998); Commonwealth v. Lugo, 89 Mass. App. Ct. 229, 237 (2016). Furthermore, although defense counsel filed an affidavit in connection with

the new trial motion taking responsibility for not objecting at other points during the trial, the affidavit's silence as to these two statements is telling.  We are confident that the prosecutor's use of the word "reapproached," and her statement that the defendant was pointing at the victim, even if it was error, did not materially influence the jury's determination that the defendant violated the harassment prevention order by failing to stay one hundred yards away from the victim.  See Randolph, 438 Mass. at 298; Commonwealth v. Rosa, 73 Mass. App. Ct. 540, 549 (2009).  As there was no substantial risk of a miscarriage of justice, defense counsel was not ineffective. See Randolph, supra at 296.

Judgment affirmed.

Order denying motion for new
    trial affirmed.

By the Court (Rubin,
    Massing & Desmond, JJ.[3]),

Assistant Clerk

Entered:  December 29, 2023.

---

[3] The panelists are listed in order of seniority.